UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DYLAN E. MONNETT,                    )
                                     )
                    Plaintiff,       )
                                     )
          v.                         )        No. 2:24-cv-00564-JPH-MG
                                     )
JOHN PLASSE Sheriff,                 )
DERRICK FELL Sheriff, et al.,        )
                                     )
                    Defendants.      )

**ORDER SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS,
AND DIRECTING PLAINTIFF TO AMEND**

Plaintiff Dylan Monnett at relevant times was a pretrial detainee confined at Vigo County Jail (the Jail). He is currently incarcerated at Parke County Jail. He filed this civil action alleging injuries due to overcrowding. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Court accepts Mr. Monnett's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). The complaint names two defendants: 1) former Sheriff of Vigo County John Plasse (deceased); and 2) current Sheriff Derrick Fell. Mr. Monnett seeks compensatory and injunctive relief.

Mr. Monnett alleges that on or about July 20, 2024, he was assaulted by a convicted inmate (he describes as an IDOC inmate) at the Jail as a result of overcrowding. He alleges that the Jail is "over 80% capacity leaving the Vigo County Jail unable to insure the safety of all … inmates and staff." Dkt. 1 at 3. He alleges that defendants Plasse and Fell held him in an unconstitutional environment and that as a result, another higher risk level inmate, assaulted him on July 20, 2024.[1]

---

[1] The Court takes judicial notice that Sheriff Plasse passed away on July 24, 2024. www.greinerfuneralhome.com/ obituary/John-Plasse.

### III. Dismissal of Complaint

Applying the screening standard to the factual allegations in the complaint, the complaint must be dismissed for failure to state a claim upon which relief can be granted.

**Injunctive Relief**

Any claim for injunctive relief is **dismissed as moot** because Mr. Monnett is no longer confined at the Jail. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 n. 3 (7th Cir. 2012); *Koger v. Bryan,* 523 F.3d 789, 804 (7th Cir. 2008) ("once the threat of the act sought to be enjoined dissipates," the claim for injunctive relief must be dismissed as moot).

**Failure to Protect**

"[C]onstitutional claims must be addressed under the most applicable provision." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (internal citation omitted). A complaint "gains nothing by attracting additional constitutional labels." *Id.* A failure to protect claim "brought by a pretrial detainee arises under the Due Process Clause of the Fourteenth Amendment, whereas a convicted inmate's claim arises under the Eighth Amendment's ban on cruel and unusual punishment." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

"[T]o state a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk,

even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries." *Id.*

Any failure to protect claims against the defendants are **dismissed for failure to state a claim upon which relief can be granted** because neither defendant is alleged to have made an intentional decision regarding Mr. Monnett's placement in a higher risk cell block.

### *Monell* Claim

Mr. Monnett alleges that the Jail was "over 80% capacity." Dkt. 1 at 3. It is unclear whether he means the Jail was 80% full or the Jail was 80% over maximum capacity. He alleges that the overcrowding was unconstitutional, and it caused another inmate, a convicted inmate from the Indiana Department of Correction, to assault him on July 20, 2024.

The Court has liberally construed the complaint as attempting to bring a claim under *Monell v. Dept. of Soc. Serv. of the City of New York,* 436 U.S. 658 (1978). To state a claim under *Monell*, a plaintiff must allege facts that would allow the Court to draw a reasonable inference that: (1) he has suffered the deprivation of a constitutional right; and (2) that an official custom or policy implemented, practiced, or enforced by the Sheriff caused the harm that resulted. *See Glisson v. Ind. Dept. of Corrections,* 849 F.3d 372, 379 (7th Cir. 2017) ("The critical question under *Monell*....is whether a municipal … policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted

4

from the acts of the entity's agents."). "The central question is always whether an official policy, however expressed....caused the constitutional deprivation." *Id.* Mr. Monnett has not alleged facts sufficient to infer that overcrowding of the Jail *caused* another inmate to assault him.

Because the Court has been unable to identify a viable claim for relief against any defendant, the complaint is subject to dismissal.

### IV. Conclusion and Opportunity to Amend

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Mr. Monnett to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Mr. Monnett shall have **through January 5, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a

demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, Mr. Monnett must use the Court's complaint form. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983). The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with Mr. Monnett's copy of this Order.

Any amended complaint should have the proper case number, **2:24-cv-0564-JPH-MG** and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If Mr. Monnett files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed by the given deadline, this action will be dismissed for failure to state a claim upon which relief can be granted, without further notice or opportunity to show cause.

Mr. Monnett's motion for counsel, dkt. 18, will be ruled on by separate order.

**SO ORDERED.**

Date: 12/2/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

DYLAN E. MONNETT
00096387
PARKE COUNTY JAIL
458 West Strawberry Rd.
Rockville, IN 47872